UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID A. BOYCE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-30161-MAP |
| | ) | |
| | ) | |
| | ) | |
| COMMONWEALTH OF | ) | |
| MASSACHUSETTS, | ) | |
| | ) | |
| Defendant | ) | |

REPORT AND RECOMMENDATION WITH REGARD
TO DEFENDANT'S MOTION TO DISMISS (Document No. 13)
March 13, 2013

NEIMAN, U.S.M.J.

Presently before the court is the Commonwealth of Massachusetts

("Respondent")'s motion to dismiss David A. Boyce ("Petitioner")'s petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2244(d).  Petitioner, proceeding *pro se,* claims

that the state court judge exceeded his plea agreement, that his attorney "fell below a

reasonable range of competence," and that he was denied due process.  In its motion

to dismiss, Respondent asserts that the petition is time-barred.  The motion has been

referred to this court by District Judge Michael A. Ponsor for a report and

recommendation.  *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).  For the

reasons which follow, the court will recommend that Respondent's motion be granted.

I. Standard of Review

When reviewing a motion to dismiss, a court must keep in mind that a complaint

generally requires only "a short and plain statement of the claim showing that the

pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  To survive a motion to dismiss, a

complaint must allege enough facts so that the claim is "plausible on its face," *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *i.e.*, the factual content pled

should "allow[] the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. FACTUAL BACKGROUND

The facts in this background section have been garnered from the petition itself

(Document No. 1), from the relevant docket entries, court filings and decisions in

Petitioner's state court proceedings submitted as an addendum ("ADD") to

Respondent's motion to dismiss (Document No. 13), and from Petitioner's opposition

(Document No. 16).

On November 30, 1990, Petitioner pleaded guilty to second degree murder and

armed robbery in the Massachusetts Superior Court.  (Petition at ¶¶ 2, 5, 6; see also

ADD-2, 6.)  That same day, the court sentenced Petitioner to a life term for the charge

of murder in the second degree and to a term of fifteen to twenty years for the armed

robbery charge, to run concurrently.  (Id.)[1]  Petitioner claims to have requested leave to

withdraw his guilty plea in March of 1991 (claiming the court exceeded the plea

agreement), which motion he asserts was never acted on; the motion is not reflected in

the record, a record which Petitioner maintains is flawed.

---

[1] On November 30, 1990, upon recommendation of the Commonwealth, a
separate charge of assault and battery by means of a dangerous weapon was
dismissed.  (See ADD-8.).

After almost four years passed, Petitioner, in February of 1995, filed motions for free transcripts and to discover, both which were denied on March 2, 1995.  (ADD-7, 11-12, 13-17.)  Six more years passed before Petitioner filed a motion to waive a DNA assessment fee, which the court found to be moot.  (ADD-7, 18, 19.)  Over a year later, on January 16, 2003, Petitioner filed a motion for post-conviction relief to revise and revoke his sentence, which was promptly denied.  (ADD-7, 20-28.)  On February 27, 2003, Petitioner sought reconsideration, which request was also denied.  (ADD-29 (stating that "[d]efendant has furnished no new grounds to warrant reconsideration.  A motion to revise and revoke his sentence is untimely under Mass. R. Crim. P. 29"); see also ADD-30-33.)  The instant petition was filed on September 18, 2012.

### III. DISCUSSION

In seeking dismissal, Respondent sets forth a number of arguments, none of which is adequately countered by Petitioner.  In essence, Respondent argues that the petition is time-barred, that any extension of the limitations period would be improper, and that Petitioner has presented no extraordinary circumstance which would warrant equitable tolling.  In the court's opinion, Respondent is persuasive on all three arguments, and it has adopted a significant portion of their written arguments.

A.  Statue of Limitations for Federal Habeas Corpus Petitions

Section 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. 2244(d), which became effective April 24, 1996, sets forth a statute of limitations applicable to federal habeas corpus petitions filed by state prisoners.  In relevant part, it provides as follows:

> (1)  A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State Court.  The limitation period shall
> run from the latest of -
>
>> (A)   the date on which the judgment became final
>> by the conclusion of direct review or the
>> expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. 2244(d).  As applied here, Respondent asserts, Petitioner's petition is time-

barred.  The court agrees.

Petitioner's convictions became final when he pleaded guilty and was sentenced

on November 30, 1990.  *See, e.g., Com. v. Balliro*, 769 N.E.2d 1258, 1262 (Mass.

2002) (after defendant pleads guilty, which amounts to a conviction, "nothing more is

required except for the court to give judgment and sentence"); *United States v. Hines*,

802 F. Supp. 559, 571 (D. Mass. 1992) ("Under Massachusetts law, a 'conviction is an

adjudication of guilt either by way of the entry of a formal guilty plea or an admission to

sufficient facts or after a finding of guilt by jury verdict.").  Moreover, since Petitioner's

conviction occurred prior to the enactment of the AEDPA, *i.e.*, before April 24, 1996, he

had a one-year grace period pursuant to 28 U.S.C. 2244(d)(1), or until April 24, 1997,

to file his habeas petition.  *See Gaskins v. Duval*, 183 F.3d 8 (1st Cir. 1999); *Rogers v.

United States*, 180 F.3d 349, 351-352 (1st Cir. 1999); *Libby v. Magnusson*, 177 F.3d

43, 45 (1st Cir. 1999).  Petitioner's habeas petition, however, was not filed until

4

September 18, 2012, over fifteen years after the statute of limitations lapsed.  Pursuant to section 2244(d)(1), therefore, the petition is time-barred and should be dismissed. *See Lattimore v. Dubois*, 311 F.3d 46, 53-54 (1st Cir. 2002) (petition filed even one day late for statute of limitations deadline must be dismissed as untimely).

It should be noted, in this regard, that Petitioner's post-conviction motions - - which were either not filed or pending during the one-year limitations period (April 24, 1996 to April 24, 1997) - - fail to qualify for the statutory tolling provided in Section 2244(d)(2).  First, his 1995 post-conviction motions for free transcripts and discovery were all filed before the one-year limitations period began and, therefore, cannot be deemed tolling events.  Moreover, as Respondent argues, these post conviction events - - even if filed during the limitations period - - cannot act as tolling mechanisms.  *See, e.g., Kholi v. Wall*, 582 F.3d 147, 151 (1st Cir. 2009) (no statutory tolling for discovery related proceeding) (citing *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001)).  As to his 1993 post-conviction motion to withdraw his guilty plea, Petitioner had more than enough time to pursue that issue if, as he asserts, it was actually filed and never addressed.

Second, Petitioner's post-conviction motions filed after the one-year limitations period expired were not tolling events.  Simply put, the tolling provision under section 2254(d) "[c]annot and does not revive an expired limitations period."  *Sargent v. Bissonnette*, 2011 WL 487779, at * 14 (D. Mass. Jan. 10, 2011) (citing *Delaney v. Matesanz*, 264 F.3d 7, 11 (1st Cir. 2001)); *see also Cordle v. Guarino*, 428 F.3d 46, 48 n. 4 (1st Cir. 2005) ("Section 2244(d)(2) only stops, but does not reset, the AEDPA

clock from ticking and cannot revive a time period that has already expired.") (quoting *Dunker v. Bissonnette*, 154 F.Supp.2d 95, 103 (D. Mass. 2001) (internal quotation marks, brackets, and ellipsis omitted)); *Demars v. General Dynamics Corp.*, 779 F.2d 95, 98 n.2 (1st Cir. 1985) (finding no tolling where event occurred outside limitations period). Consequently, Petitioner's 2003 motions for post-conviction relief, writ of habeas corpus, and reconsideration of the denial of such motions, all filed well after his AEDPA's limitations period had expired, did not resurrect or restart the clock.

B. Section 2244(d)(1)(B) and (D)

Petitioner concedes that he filed his petition more than one year after his conviction became final but appears to claim that the one year limitations period is extended under subsections (B) and (D) of Section 2244(d)(1). (Petition at ¶ 18.) Petitioner seems to argue that the one year limitation period began to run when he discovered, through his legal research about excess bail "for someone else," that he had legal grounds on which to challenge his convictions. (Id.) Petitioner claims that he "came upon" *Marshall v. Lonberger*, 459 U.S. 422, 431 (1983), which he contends rendered his plea "involuntary by the actions of defense counsel"; in addition, Plaintiff asserts, "the due process issue is reserved due to being filed in a timely fashion without being given a hearing." (Petition at ¶ 18.) Petitioner, however, provides no date on which he "discovered" this possible challenge to his convictions.

Although the factual underpinnings of Petitioner's habeas claims are unclear, his reliance on *Marshall,* in the court's opinion, is misplaced. *See id*. at 431 (reiterating principle that "[a] guilty plea, which works as a waiver of numerous constitutional rights,

cannot be truly voluntary if the defendant 'has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt'") (quoting *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13 (1976) and citing *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)).  By his own admission, Petitioner was well aware of the charge; he simply alleges that the  "[j]udge went in excess of the plea bargain contract." (Petition at ¶ 12 (Grounds One).)  Thus, even if Petitioner's assertions about the discovery of *Marshall* are true, that discovery is unavailing under the language of Sections 2244(d)(1)(B) or (D) because he neither alleges (1) a state-created impediment to an earlier filing nor (2) any credible factual basis for his habeas claims that could not have been discovered with the earlier exercise of diligence.  *Marshall*, of course, was decided in 1983.

First, Section 2244(d)(1)(D) provides that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  The First Circuit has interpreted this section's "[r]eference to the phrase 'factual predicate' to mean 'evidentiary facts or events and not court rulings or legal consequences of the facts.'" *Homes v. Spencer*, 685 F.3d 51, 59 (1st Cir. 2012) (quoting *Brackett v. United States*, 270 F.3d 60, 69 (1st Cir. 2001), *abrogated on other grounds*, *Johnson v. United States*, 544 U.S. 295 (2005)).  Here, Petitioner alleges (albeit without any specificity) that (1) the judge's sentence was in excess of petitioner's plea agreement, (2) counsel was ineffective, and (3) due process was not provided.  (Petition at ¶ 12.)  Petitioner, however, does not claim that the principal facts upon which these claims are predicated

were not known by the date of his conviction or, more importantly, before the one-year

grace limitations period lapsed.  Rather, Petitioner maintains, at best, that his

recognition of the facts' legal significance was not discovered earlier due to the advice

of counsel.  (Petition at ¶¶ 11(e); 12(b), (d)(7) (Ground One); 12(b) (Ground Two);

12(c)(2), (d)(7) (Ground Three); and 13(a) (claiming that he did not exhaust state court

remedies on each ground because plea counsel stated, "If you pursue this issue you

will get a [first] degree life sentence").)

Unfortunately for Petitioner's quest, his explanation is entirely unhelpful to him:

"That this advice may have been flawed, and could potentially form the foundation for

an ineffective assistance claim, are the legal consequences of those facts - - matters of

law that are beyond the purview of Section 2244(d)(1)(D)."  *Holmes*, 685 F.3d at 59

("The factual predicates of [the petitioner's] claims are that he testified at his trial and

that his attorney told him he was required to testify . . . What [the petitioner] contends

he did not know prior to 1999 was not a factual matter but rather a matter of law, i.e.,

his constitutional right not to testify.  The latter is beyond the scope of 2244(d)(1)(D).")

(citing *Brackett,* 270 F.3d at 69; *Murphy v. Strack*, 9 Fed. Appx. 71, 73 (2d Cir. 2001);

*see also Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("Unlike some state

systems, which start the [limitation period] only when a party knows (or should

recognize) that a legal wrong has been done, [Section (d)(1)(D)] uses objective

indicators as triggers . . . Time begins when the prisoner knows (or through diligence

could discover) the important facts, not when the prisoner recognizes their legal

significance.")).  Accordingly, as Respondent argues, Petitioner's "discovery that his

attorney's advice was allegedly misleading . . . is unavailing under the language of Section 2244(d)(1)(D)." *Holmes*, 685 F.3d at 59.

Second, as Respondent asserts, Section 2244(d)(1)(B) provides that the limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action." Here, Petitioner cites this section but fails to allege a state-created impediment to an earlier filing.  Moreover, to the extent petitioner faults his plea counsel as the reason for his failure to file in federal court sooner, this is not a state-created impediment.  *See Wood v. Spencer*, 487 F.3d 1, 8 (1st Cir. 2007) (denying application of section 2244 (d)(1)(B) where "[i]t was [petitioner's] counsel's failure adequately to pursue an available investigative lead, not government resistance, that prevented him from taking action earlier").

C.  Possible Equitable Tolling

The Supreme Court recently held that equitable tolling applies to the habeas statute of limitations.  *See Holland v. Florida*, - - U.S. - - , 130 S.Ct. 2549, 2554, 2560 (2010).  The Court explained, however, that "circumstances of a case must be 'extraordinary' before equitable tolling can be applied."  *Id.* at 2526.  *See also Lawrence v. Florida*, 549 U.S. 327, 335 (2007) (equitable tolling applies only to an "exceedingly rare inequity that congress almost certainly was not contemplating" when it imposed the one-year limit).  The First Circuit, too, has similarly directed, perhaps anticipating the Supreme Court's ruling, that equitable tolling is the "'exception rather than the rule;

9

resort to its prophylaxis is deemed justified only in extraordinary circumstances.'"

*Trapp v. Spencer*, 479 F.3d 53, 59 (1st Cir. 2007) (quoting *Donovan v. Maine*, 276 F.3d

87, 93 (1st Cir. 2002)).   *See also Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010)

(confirming that its former "[a]dmonitions are consistent with the teachings of *Holland*").

        The burden, of course, is on a petitioner to establish the basis for equitable

tolling.   *See Riva*, 615 F.3d at 39 (citing *Holland*, 130 S.Ct. At 2562).   Thus, at

minimum, a habeas petitioner seeking to invoke equitable tolling must demonstrate that

(1) "extraordinary circumstance" prevented him from filing within the statutory deadline

and that (2) he has pursued his rights diligently.   *Id.*   (quoting *Holland*, 130 S. Ct. at

2562).   *See also Trapp,* 479 F.3d at 61) ("listing additional factors that may, in a given

case, influence a habeas court's decision about whether to grant equitable tolling").

Here, Petitioner has not sustained this burden.

        As a preliminary matter, Petitioner does not identify any extraordinary

circumstances that allegedly prevented him from filing his habeas petition on time.   At

best, the record demonstrates "garden-variety" negligence or inattention, which both

the First Circuit and the Supreme Court have held are insufficient to trigger equitable

tolling.   *Holland*, 130 S. Ct. At 2564 (reiterating that '"a garden variety claim of

excusable neglect' . . . such as a simple 'miscalculation' that leads . . . to miss[ing] a

filing deadline . . . does not warrant equitable tolling") (quoting *Irwin v. Department of

Veterans Affairs*, 498 U.S. 89, 96 (1990)); *Trapp*, 479 F.3d at 60 (mistake '"in reading

[AEDPA] or computing the time limit is, at most, a routine error' and does not constitute

extraordinary circumstances warranting equitable tolling") (quoting *David v. Hall*, 318

10

F.3d 343, 346 (1st Cir. 2003)); *Lattimore*, 311 F.3d at 55 (equitable tolling "[i]s reserved for cases in which circumstances beyond the litigant's control have prevented him from promptly filing . . . Ignorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely filing").  Moreover, Petitioner has not shown that he diligently pursued his rights; to the contrary, since his conviction becomes final in November 1990 - - and, more importantly, after the commencement of the one-year grace period on April 24, 1996 - - the record reveals large, unexplained gaps in his pursuit of available post-conviction relief.

To the extent that Petitioner might be understood as claiming that equitable tolling should apply because his plea counsel provided incompetent advice, that argument too is unpersuasive.  As the First Circuit explained, "AEDPA's statute of limitations will not be equitably tolled merely because the underlying grounds for habeas relief are extraordinary; rather, the 'extraordinary circumstance' must be one that actually caused the untimely filing." *Holmes*, 684 F.3d at 62 (citing *Holland*, 130 S. Ct. At 2562; *Barreto-Barreto v. United States*, 551 F.3d 95, 101 (1st Cir. 2008) (noting that the "extraordinary circumstances" standard focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying action)).  Here, in the court's view, "[t]he advice given to [Petitioner] by his counsel, regardless of its level of alleged incompetence, did not 'st[an]d in his way and prevent [the] timely filing' of his habeas petition." *Id.* (citing *Holland,* 130 S. Ct. at 2562.  In short, there were no circumstances beyond Petitioner's control which prevented him from pursuing his rights.  At best, Petitioner merely asserts

11

that he simply "wonder[s]" about the "soundness of the legal advice" he received from his attorney.  (Petitioner's Opposition at 3.).

As for his *pro se* status as grounds for equitable tolling, that argument is unpersuasive as well.  "While *pro se* pleadings are to be liberally construed . . . the policy of liberal construction cannot plausibly justify a party's failure to file a habeas petition on time."  *Donovan*, 276 F.3d at 94 (internal citation omitted); *see also Phillips v. Dickhaut*, 2011 WL 976508, at *2 (D. Mass. March 18, 2011) ("[A] petitioner's *pro se* status and lack of legal expertise do not provide grounds for equitable tolling."); *Holmes*, 685 F.3d at 62-63 ("[T]he usual problems inherent in being incarcerated do not justify equitable tolling." (quoting *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003)).

## IV. CONCLUSION

For the reasons stated, the court recommends that Respondent's motion to dismiss be ALLOWED.[2]

---

[2]The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

DATED:   March 13, 2013                        /s/   Kenneth P. Neiman
                                               KENNETH P. NEIMAN
                                               U.S. Magistrate Judge